IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00082-WYD-OES

SONJA J. PALMER,

Plaintiff(s),

vs.

DENVER HEALTH AND HOSPITAL AUTHORITY, et al.,

Defendant(s).

SECOND RECOMMENDATION
FOR PARTIAL DISMISSAL

ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  June 23, 2005

On March 15, 2005, I submitted to District Judge Wiley Y. Daniel a Recommendation for Partial Dismissal of plaintiff's claims.  My Recommendation addressed the claims raised by plaintiff in her initial Complaint, which was asserted only against Denver Health and Hospital Authority ("Denver Health").  Plaintiff's initial Complaint contained four claims for relief.  I recommended that the following claims in her initial Complaint be dismissed, and that her Complaint be limited accordingly:

**1. Claim Four, Intentional Infliction of Emotional Distress,**

because Denver Health is immune from liability for state torts pursuant

to the Colorado Governmental Immunity Action;

**2. Claim for punitive damages,** because under 42 U.S.C.A. §

    1981a(b)(1) such damages are not available against a public entity;

**3. All claims for discrete acts of discrimination that occurred before June 1, 2004,** because these discrete acts occurred prior to plaintiff's 300-day filing deadline. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

On March 29, 2005, plaintiff filed a "Revised and Amended Title VII Complaint" ("Amended Complaint"). In this Amended Complaint, plaintiff adds three individuals as defendants: (1) Annette Callahan, plaintiff's immediate supervisor (Am.Compl. at ¶ 13); (2) Janell Cordova, a co-worker (id. at ¶ 45); and (3) David Watson, another co-worker (id. at ¶ ¶ 81 *et seq.*). Plaintiff also adds a Fifth Claim for Relief, for Retaliation.

Plaintiff does not state in relation to any of her claims in the Amended Complaint whether the particular claims are asserted against Denver Health only, or against Denver Health and all or part of the individual defendants. Construing her Amended Complaint liberally, as I am required to do, I will assume that she intended to assert every claim against every defendant. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On April 11, 2005, Denver Health filed a second Motion to Dismiss on behalf of itself and on behalf of the individual defendants as well. In this motion, defendants incorporated the arguments that Denver Health had presented in its first motion, and defendants asserted new arguments in relation to the individual defendants.

Plaintiff filed a Response to Denver Health's motion.  However, her motion is a mere two paragraphs long, and fails to address any of the arguments raised by Denver Health in its motion to dismiss.  Plaintiff says nothing more than that she believes that

"it is only appropriate for the employee's themselves [to] be held accountable for their actions and wrong doing."  Pltf's Resp. at 1.

## STANDARD FOR CONSIDERATION OF DISMISSAL
## PURSUANT TO RULE 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(footnote omitted); accord Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  In reviewing the sufficiency of the complaint, a court must presume that the plaintiff's factual allegations are true, and construe them in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232 (1974), overruled on other grounds by Davis v. Scherer, 416 U.S. 232 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); accord Meade, 841 F.2d at 1526.

Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

The statement need not contain detailed facts, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1216, at 154-159 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). A court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. Associated General California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

## DISCUSSION REGARDING AMENDED COMPLAINT

First, I will order plaintiff to file no further amended complaints until after Judge Daniel has issued his ruling in regard to my Recommendations, and then only if she first obtains leave of court to file an amended complaint. Before going any further in this lawsuit, we need to determine once and for all what claims survive the motions to dismiss that have been filed.

Second, for the sake of brevity, I incorporate here the remarks and authorities that I presented in my first Recommendation. In effect, my two recommendations are a single recommendation.

For ease and organization, I will address each of plaintiff's claims in her

Amended Complaint on a claim-by-claim basis.

    **1. First Claim, Title VII Discrimination.** This claim now is apparently asserted against both Denver Health and the individual defendants pursuant to Title VII.

### (a) Denver Health.

In my first Recommendation, I recommended that the claim against Denver Health be limited to the discrete acts of discrimination that occurred after June 1, 2004, because events that occurred prior to that occurred outside of plaintiff's 300-day limitation period. Plaintiff has offered no arguments to dispute that recommendation, and the recommendation stands.

### (b) Individual defendants.

Individuals are not subject to suit under Title VII. <u>Haynes v. Williams</u>, 88 F.3d 898, 901 (10th Cir. 1996). Therefore, plaintiff's First Claim for Relief should be dismissed as to all of the individuals.

    **2. Second Claim, Title VII Harassment.** This claim also is apparently brought against all of the defendants pursuant to Title VII. As I noted in my first recommendation, the claim may stand against Denver Health. However, it may not stand as against the individual defendants. As noted above, individuals are not subject to suit under Title VII, and the claims against the individuals should be dismissed.

    **3. Third Claim, Title VII Hostile Work Environment.** Like the First and Second

claims for relief, this claim also can stand only in relation to Denver Health, and not against the individuals. I recommend its dismissal as to the individuals.

**4. Fourth Claim, Intentional Infliction of Emotional Distress.** This is a state law tort action. Plaintiff is apparently attempting to assert it against both Denver Health and the individual defendants.

### (a) Denver Health

In my first Recommendation, I noted that Denver Health is a public entity that is immune from suit for state law torts under the Colorado Governmental Immunity Act, and I recommended that the Fourth Claim be dismissed. That recommendation stands.

### (b) Individual defendants

Plaintiff is now attempting to assert this claim against the individual defendants, as well as against Denver Health. However, she has failed to allege facts that support the filing of this claim.

The elements of liability for the tort of intentional infliction of emotional distress, also known as the tort of extreme and outrageous conduct, are that (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the plaintiff incurred severe emotional distress that was caused by the defendant's extreme and outrageous conduct. *See* Brunetti v. Rubin, 999 F.Supp, 1408, 1412

6

(D.Colo. 1998), *citing* Culpepper v. Pearl Street Bldg., Inc., 877 P.2d 877, 882 (Colo. 1994). Whether certain conduct is outrageous is a question of fact. However, in the first instance, it is a question of law for the court to determine whether reasonable persons could differ on the issue of outrageousness. Id.

Proof of outrageous conduct under Colorado law must consist of either an extreme act, both in character and degree, or a pattern of conduct from which the decisive conclusion is that infliction of severe mental suffering was calculated, or was recklessly or callously inflicted on the plaintiff. Id., *citing* Gard v. Teletronics Pacing Systems, Inc., 859 F.Supp. 1349, 1354 (D.Colo. 1994. Judge Kane of this court has determined that a plaintiff must establish a certain minimum threshold level of conduct to state a cause of action for outrageous conduct: the plaintiff must allege either that (1) defendant has engaged in a pattern of conduct that intended to cause or recklessly did cause severe emotional distress, or (2) if the incident is isolated, defendant blatantly and severely harassed plaintiff. Rawson v. Sears Roebuck & Co., 530 F.Supp. 776, 780 (D.Colo. 1982), *rev'd on other grounds*, 822 F.2d 908 (10th Cir. 1987). "Only conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable ion a civilized society community, will suffice." Pearson v. Kancilia, 70 .3d 594, 597 (Colo.App. 2003); *see also* Churchey v. Adolph Coors Co., 759 P.2d 1336, 1350 (Colo. 1988) (facts must so arouse resentment against the defendant in average members

of the community as to lead them to exclaim, "Outrageous!").

In their motion to dismiss plaintiff's amended complaint, defendants summarized the facts that plaintiff asserted in her Complaint and Amended Complaint in support of her claims of intentional infliction of emotional distress as to each individual. Defts' Mtn at 6-7. Plaintiff did not contradict or take issue with any part of defendants' summary. I will repeat defendants' summaries here, leaving out the citations to the sections of plaintiff's amended complaint where plaintiff makes the various allegations.

**Annette Callahan, plaintiff's supervisor.** Plaintiff complains that Ms. Callahan prevented plaintiff from working overtime; required her to work holidays; denied plaintiff the opportunity to learn more about the department; harassed her in an unspecified manner; transferred her to Denver Health's warehouse; reprimanded plaintiff for calling defendant David Watson, an African-American co-employee, "boy;" failed to sufficiently investigate her claim of alleged harassment; and failed to promote her.

Nothing in plaintiff's allegations, taking the allegations either singly or as a totality, rises to the level of outrageous conduct by her supervisor. The facts recited by plaintiff do not reflect a pattern of conduct from which the decisive conclusion is that infliction of severe mental suffering was calculated, or was recklessly or callously inflicted on the plaintiff, Brunetti v. Rubin, 999 F.Supp. at 1412, nor would these facts

cause an average member of the community to exclaim "outrageous!". Churchey v. Adolph Coors Co., 759 P.2d at 1350.

**David Watson, co-employee.** Plaintiff's complaint against Mr. Watson consists of a single incident in which he allegedly ran up from behind her, and grabbed at plaintiff "with a furious look of rage on his face." Although Mr. Watson's conduct may have been inappropriate in the work place, this single event certainly does not rise to the level of outrageous conduct for purposes of a lawsuit against him in a court of law.

**Janell Cordova, co-employee.** Plaintiff's complaint against Ms. Cordova also consists of a single incident in which Ms. Cordova allegedly stated to plaintiff that she had been told by management to tell plaintiff that plaintiff was "a vindictive bitch," and Ms. Cordova refused to "remove herself from Plaintiff's personal space." Telling someone that she is a vindictive bitch hardly constitutes the type of conduct that will form the basis for a state-law claim of outrageous conduct.

In summary, plaintiff has failed to allege any facts against any of the individual defendants that supports her claims against them for intentional infliction of emotional distress, or outrageous conduct. Her Fourth Claim for Relief should also be dismissed against the individual defendants.

### 5. Fifth Claim for Relief, Title VII Retaliation.

#### (a) Denver Health

Plaintiff has failed to state a claim for relief against Denver Health for Title VII

Retaliation because she has failed to allege that she has exhausted her administrative remedies. As defendants pointed out in their Motion to Dismiss, plaintiff has stated nothing more than that she "currently has a retaliation claim pending in EEOC for the November 2005, verbal and written warning she received, and has an appointment set for April 13, 2005 with EEOC for her Wrongful Termination." Am.Compl. at ¶ 147.

As I explained in my first recommendation, plaintiff is required to exhaust her administrative remedies before she may proceed in this court, and she has failed to allege any facts that reflect that she has done so. For that reason, Denver Health is entitled to have plaintiff's Fifth Claim for Relief dismissed. Mawson v. U.S. West Business Resources, Inc., 23 F.Supp.2d 1204, 1215 (D.Colo. 1998) (holding that "the filing of an administrative charge with the EEOC and the Colorado Civil Rights Commission is a jurisdictional prerequisite to bringing a civil suit for employment discrimination or retaliation under Title VII").

### (b) Individual defendants

As noted above, Title VII claims may not be maintained against individuals. Haynes v. Williams, 88 F.3d at 901. Thus, because this claim must be dismissed as against the individual defendants, as well as Denver Health, it should be dismissed in its entirety.

**6. Sixth Claim for Relief, Title VII Wrongful Termination.** Plaintiff states in her

Amended Complaint that her April 13, 2005, appointment with EEOC, mentioned above, included her claim for wrongful termination from employment. For that reason, I construe her claim to be one for wrongful termination in violation of Title VII.

### (a) Denver Health

This claim is subject to dismissal for the same reason that plaintiff's Fifth Claim is subject to dismissal. Plaintiff failed to demonstrate that she has exhausted her administrative remedies. Having failed to do so, her claim must be dismissed. Mawson at 1215.

### (b) Individual defendants

Individual defendants are not subject to suit under Title VII. Haynes v. Williams, 88 F.3d at 901. Thus, because this claim must be dismissed as against the individual defendants, as well as Denver Health, it should be dismissed in its entirety.

### CONCLUSION

I therefore **RECOMMEND** that Judge Daniel enter the following orders with regard to the claims made by plaintiff in her Amended Complaint:

**1. First Claim for Relief, Title VII Discrimination**: allow this claim to remain in regard to Denver Health, but only for discrete acts of discrimination that occurred after June 1, 2004; **dismiss** the claim as to the individual defendants;

**2. Second Claim for Relief, Title VII Harassment**: allow the claim to remain in regard to Denver Health; **dismiss** the claim as to the individual defendants;

**3. Third Claim for Relief, Title VII Hostile Work Environment:** allow the claim to remain in regard to Denver Health; **dismiss** the claim as to the individual defendants;

**4. Fourth Claim for Relief, Intentional Infliction of Emotional Distress/Outrageous Conduct: dismiss** as to all defendants;

**5. Fifth Claim for Relief, Title VII Retaliation: dismiss** as to all defendants;

**6. Sixth Claim for Relief, Title VII Wrongful Termination: dismiss** as to all defendants.

### Summary of recommendations

If my recommendations are adopted by Judge Daniel, no claims will remain against the individual defendants, and the following three claims for relief will remain as against Denver Health: (1) First Claim, Discrimination, for discrete acts of employment discrimination that occurred after June 1, 2004 (for which plaintiff has exhausted her administrative remedies); (2) Second Claim, Harassment; (3) Third Claim, Hostile Work Environment.

### ORDER

**Plaintiff is ORDERED to file no further amended complaints unless she first obtains leave of court.**

### ADVISEMENT TO PLAINTIFF

Plaintiff is entitled to seek review or reconsideration of my recommendation by filing an "objection" within ten days.  Failure to file such an objection or appeal within

ten days will result in the waiver by plaintiff of plaintiff's right to present such an objection to the district court judge. A complete advisement of plaintiff's right to appeal or object is

attached to this Recommendation on a page which is entitled "Advisement Under Fed.R.Civ.P. 72."

Dated at Denver this day of June 23, 2005

BY THE COURT:

s/ O. Edward Schlatter

---

O. Edward Schlatter
U.S. Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).