IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-82-WYD-OES

SONJA J. PALMER,

   Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, et al.,

   Defendants.

---

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

   THIS MATTER is before the Court on Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) filed February 8, 2005.  Defendant Denver Health and Hospital Authority (DHHA) seeks dismissal of *pro se* Plaintiff Sonja J. Palmer's claim of intentional infliction of emotional distress, her claim for punitive damages, and certain acts that she claims were discriminatory on the basis that they are time barred. The Motion to Dismiss was referred to Magistrate Judge O. Edward Schlatter for a Recommendation pursuant to an Order of Reference dated January 25, 2005.

**I.   Recommendations**

   Magistrate Judge Schlatter issued a Recommendation for Partial Dismissal on March 15, 2005, which is incorporated herein by reference.  *See* 28 U.S.C § 636(b)(1)(A); FED. R. CIV. P. 72(a); D.C.COLO.LCivR. 72.1(C)(1).  Magistrate Judge Schlatter recommends: 1) dismissal of Plaintiff's claim for intentional infliction of emotional distress, 2) striking of Plaintiff's claim for punitive damages, and 3) dismissal

of certain discrete acts of alleged employment discrimination that occurred prior to June 1, 2004, on the basis that they are time barred. *Recommendation* at 3, 12.

On March 29, 2005, *pro se* Plaintiff filed a timely Objection to the Recommendation ("*Objection*"), which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Plaintiff also filed a Revised and Amended Complaint on March 29, 2005. To the extent that the Plaintiff's Objection or the Defendant's Response to Plaintiff's Objection refer to the additional defendants and claims in the Amended Complaint, such references will not be addressed in this Order as they were not addressed by Magistrate Judge Schlatter in his Recommendation of March 15, 2005.

### A. Plaintiff's Claim for Intentional Infliction of Emotional Distress

Magistrate Judge Schlatter found that DHHA is immune from liability for Plaintiff's claim for intentional infliction of emotional distress under the Colorado Government Immunity Act (CGIA), COLO. REV. STAT. § 24-10-101 et. seq. *Recommendation* at 3-4. The CGIA expressly exempts public entities from liability for damages for outrageous conduct. COLO. REV. STAT. § 24-10-114(4).[1] Plaintiff does not dispute that DHHA is a public entity ("political subdivision") created by COLO. REV. STAT. § 25-29-103, nor did she name any party as a defendant other than DHHA in her original complaint. Plaintiff's objection is based only upon the additional defendants she

---

[1] "A public entity *shall not be liable* either directly or by indemnification for punitive or exemplary damages or *for damages for outrageous conduct*, except as otherwise determined by a public entity pursuant to section 24-10-118(5)." COLO. REV. STAT. § 24-10-114(4) (emphasis added).

2

added in her Amended Complaint, whom were not addressed in the Recommendation. Accordingly, I do not address those objections here.

I agree with Magistrate Judge Schlatter that the immunity granted to public entities under § 24-10-114(4) applies to DHHA and, in this matter, is absolute. *Recommendation* at 4, Barham v. Scalia, 928 P.2d 1381, 1386 (Colo.App. 1996). Accordingly, I agree with Magistrate Judge Schlatter that this claim must be dismissed against DHHA.

### B.  Plaintiff's Demand for Punitive Damages

Magistrate Judge Schlatter recommends that Plaintiff's demand for punitive damages be stricken.  In her Objection, Plaintiff fails to even address Magistrate Judge Schlatter's recommendation to strike her punitive damages claim against DHHA.

It is evident from the language of COLO. REV. STAT. § 24-10-144(4) that even if DHHA were not immune from liability for a claim based on outrageous conduct, it would be immune from liability for punitive damages.  Furthermore, I agree with Magistrate Judge Schlatter that under Title VII, DHHA, as a political subdivision of the State of Colorado, is expressly exempt from liability for punitive damages.  42 U.S.C. § 1981a(b)(1). Section 1981a(b)(1) allows a complaining party to seek punitive damages under Title VII except where the responding party is a government, government agency, or political subdivision.[2]  An award of punitive damages is not available to Plaintiff under Title VII, and I agree with Magistrate Judge Schlatter that Plaintiff's demand for punitive

---

[2] "A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1) (emphasis added).

damages against DHHA should be stricken.

As noted by Magistrate Judge Schlatter, the exemption under § 1981a(b)(1) does not bar the Plaintiff from seeking an award of compensatory damages for the "mental anguish" caused by the alleged discrimination. Thus, should the Plaintiff ever successfully prove a claim of harassment or hostile work environment before a jury, she would be able to seek compensatory damages for emotional distress due to the Defendant's conduct. *Recommendation* at 5.

### C. Plaintiff's Title VII Claims

Magistrate Judge Schlatter found that certain of Plaintiff's Title VII discrimination claims are time barred under 42 U.S.C. § 2000e-5(e)(1). I will address Plaintiff's discrimination claims in two parts, starting with an overview of the law, followed by a review of Plaintiff's objections.

I first address the law on this issue. In National Railroad Passenger Corporation v. Morgan, 536 U.S. 101 (2002), the Supreme Court held that discrete acts of alleged discrimination are actionable only if the aggrieved party files a charge with the EEOC within 300 days of the occurrence of those acts. *Id.* at 109-10. Once a complaint is filed, a party is barred by 42 U.S.C. § 2000e-5(e)(1) from addressing discrete incidents that occurred more than 300 days prior to the date of filing.[3] *Id.* at 114-15.

Plaintiff filed her charge with the Colorado Civil Rights Division and the EEOC on September 29, 2004. Thus, under National Railroad, § 2000e-5(e)(1) bars Plaintiff from

---

[3] 42 U.S.C. § 2000e-5(e)(1) provides both a 180-day and a 300-day filing requirement. The 300-day filing requirement applies where the aggrieved employee has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." *Id.* Plaintiff filed with both the EEOC and the Colorado Civil Rights Commission, therefore the 300-day filing limitation, and not the 180-day limitation, applies to her complaint. This has not been disputed by the parties.

pursuing any claims of discrete discrimination that occurred prior to December 3, 2003. However, in her EEOC charge, Plaintiff alleged that the discriminatory acts occurred on or after June 1, 2004. Because this Court is limited to hearing claims alleged in Plaintiff's EEOC charge,[4] and because Plaintiff's EEOC charge did not list any discrete acts of discrimination that occurred prior to June 1, 2004, I agree with Magistrate Judge Schlatter that Plaintiff is subsequently barred from pursuing claims of discrete discrimination prior to that date.[5]

Plaintiff asserted in response to the Motion to Dismiss that the complaint she lodged with the Employee Relations Department at DHHA satisfies the notice requirement under § 2000e-5 for the acts alleged prior to June 1, 2004. *Pl. Response* at 5. The District Court of Colorado, however, has held that "[t]he filing of an administrative charge with the EEOC and the Colorado Civil Rights Commission is a jurisdictional prerequisite to bringing a civil suit for employment discrimination . . . under

---

[4] Mawson v. U.S. West Business Resources, Inc., 23 F.Supp.2d 1204, 1215 (D.Colo. 1998). As a general rule, a plaintiff is not limited in a civil complaint to the specific allegations in the administrative charge, but can include other discrimination claims that are like or reasonably related to the allegations in the EEOC charge. *Id.* In the instant case, however, we are not concerned with whether the claims are reasonably related, but rather the time frame in which the alleged discrete acts of discrimination occurred.

[5] Plaintiff's claims for actions taking place prior to June 1, 2004 that would be time-barred under the rule of § 2000e-5(e)(1) include:
- March 2003: denial of Plaintiff's request for job audit and reclassification of her position. *Complaint,* ¶ 22.
- April 2003: elimination of Plaintiff's duties with respect to new hires. *Complaint,* ¶ 24.
- April 2003: discontinuance of privilege of attending weekly supervisor meetings. *Complaint,* ¶ 25.
- May 2003: sabotage of schedule and reprimand by management for failure to complete schedule. *Complaint,* ¶ 28-29.
- July 2003: failure to promote to Central Supply Supervisor. *Complaint,* ¶ 36.
- September 2003: management refusal to allow Plaintiff to take on new projects, attend different classes, or help in other departments. *Complaint,* ¶ 41-42.

Note that each of these discrete occurrences would also fall outside the 300-day filing limitation, as each pre-dates December 3, 2003. Therefore, these claims would still be time barred under § 2000e-5(e)(1) regardless of the June 1, 2004 date alleged in Plaintiff's EEOC charge.

Title VII." <u>Mawson v. U.S. West Business Resources, Inc.</u>, 23 F.Supp.2d 1204, 1215 (D.Colo. 1998) (citation omitted).  Accordingly, I agree with Magistrate Judge Schlatter that complaint Plaintiff filed with DHHA's Employee Relations Department has no relevance to whether certain acts of alleged discrimination are time barred.

In <u>National Railroad</u>, the Supreme Court distinguishes the application of §2000e-5(e)(1) when the aggrieved party is bringing a claim under the theory of hostile work environment.  The Supreme Court held that recovery for acts outside of the 300-day filing period is permissible so long as all the alleged acts are part of the same hostile environment, and at least one act occurred within the 300-day period.  <u>National Railroad</u>, 536 U.S. at 115-17.  Magistrate Judge Schlatter finds, and I agree, that Plaintiff is not barred by the filing requirements under § 2000e-5(e)(1) from pursuing her claims under the theory of hostile work environment.

I now turn to Plaintiff's objections.  Plaintiff objects to Magistrate Judge Schlatter's recommendation.  Plaintiff does not dispute the timing of the EEOC charge, or the timing of the alleged events themselves, but instead argues that her claims should not be time-barred for various other reasons.  While Plaintiff's arguments are misplaced, I will address each of them briefly.

Plaintiff first asserts that under the single filing or "piggybacking" rule, she should be allowed to assert claims for acts occurring prior to June 1, 2004.  *Objection* at 7; *see supra*, note 4.  However, Plaintiff has failed to explain how or why the single filing or "piggybacking" rule is applicable to her claims, therefore, I find her assertion lacks any

credibility.[6]

Second, Plaintiff argues that in accordance with the decision of the Tenth Circuit Court of Appeals in Hooks v. Diamond Crystal Specialty Foods, 997 F.2d 793 (10th Cir. 1993), her claim is not barred if the promotion she was denied prior to June 1, 2004, would have created a new relationship between her and DHHA. The Hooks court recognized that the 1991 amendment to 42 U.S.C. § 1981 created new remedies for contractual employees whose employers discriminated against them in violation of § 1981 after they were hired. Plaintiff's reliance on this case is misplaced. The protections and remedies provided under either pre- or post-amended § 1981 do not apply to Plaintiff because she has not asserted a claim under § 1981. Plaintiff also argues that the two-year Colorado statute of limitations for personal injury should apply to her discrimination claims. This argument fails for the same reason. The Colorado statute of limitations for personal injuries would apply only if Plaintiff asserted a claim under either 42 U.S.C. § 1981 or § 1983.

Finally, Plaintiff argues that her claims of discrete discrimination prior to June 1, 2004 should not be dismissed because she has established a *prima facie* case of discrimination. This argument is simply not relevant to the analysis under National Railroad. Regardless of the merits of Plaintiff's discrimination claim, events that occurred more than 300 days before the filing of the EEOC charge are barred.

---

[6] The single filing rule allows a plaintiff who has not filed a timely charge with the EEOC to "piggyback" on the claim of another plaintiff who has made a similar charge in a timely manner. Rubidoux v. Johnston, 954 F. Supp. 1477, 1481 (D.Colo. 1997); *see also* Thiessen v. General Electric Capital Corporation, 267 F.3d 1095, 1109-10 (10th Cir. 2001). Plaintiff has filed a timely charge with the EEOC, therefore the Court has jurisdiction over her claims and the single filing rule is inapplicable.

**II.    Conclusion**

Having reviewed Magistrate Judge Schlatter's Recommendation, Plaintiff's Objection, and Defendant's Response to Plaintiff's Objection, I find that the Recommendation is well-reasoned and thorough.  Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Schlatter dated March 15, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Defendant's Motion to Dismiss is **GRANTED** consistent with the Recommendation.  The following claims are dismissed and/or stricken:

(1) Plaintiff's claim for intentional infliction of emotional distress against DHHA is dismissed,

(2) Plaintiff's demand for punitive damages against DHHA is stricken, and

(3) Plaintiff's six claims of discrete discrimination that occurred between March of 2003, and June 1, 2004 are dismissed as untimely.

Dated:  August 9, 2005

> BY THE COURT:
>
> s/ Wiley Y. Daniel
> Wiley Y. Daniel
> U. S. District Judge