IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-82-WYD-OES

SONJA J. PALMER,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, et al.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on Defendants Motion to Dismiss Revised Amended Title VII Complaint ("Second Motion to Dismiss"), pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), filed April 11, 2005.  In the Second Motion to Dismiss, Defendants seek dismissal of the claims asserted by *pro se* Plaintiff Sonja J. Palmer in her Revised and Amended Complaint.  The Second Motion to Dismiss was referred to Magistrate Judge O. Edward Schlatter for a Recommendation pursuant to an Order of Reference dated April 12, 2005.  Magistrate Judge Schlatter issued a Second Recommendation for Partial Dismissal on June 23, 2005, which is incorporated herein by reference.  *See* 28 U.S.C § 636(b)(1)(A); FED. R. CIV. P. 72(a); D.C.COLO.LCivR. 72.1(C)(1).

II.     BACKGROUND

Plaintiff's original Complaint, filed January 14, 2005, asserted claims against Denver Health and Hospital Authority ("DHHA"). DHHA filed a Motion to Dismiss on February 8, 2005. Magistrate Judge Schlatter issued his first Recommendation for Partial Dismissal on March 15, 2005, in which he recommended partial dismissal of the claims asserted against DHHA, including Plaintiff's claim for intentional infliction of emotional distress against DHHA, Plaintiff's demand for punitive damages against DHHA, and Plaintiff's six claims of discrete discrimination that occurred between March of 2003, and June 1, 2004 as untimely. On March 29, 2005, Plaintiff filed an objection to the first Recommendation for Partial Dismissal and a Revised and Amended Complaint. Plaintiff's Revised and Amended Complaint named Annette Callahan, Janell Cordova, and David Watson as Defendants (the "individual Defendants"), and added a Fifth Claim for Relief for Retaliation. The Magistrate Judge's first Recommendation for Partial Dismissal was adopted and affirmed by this Court on August 9, 2005. The August 9, 2005, Order does not address the additional claims and defenses asserted in Plaintiff's Revised and Amended Complaint, or Defendants' Second Motion to Dismiss.

III.    RECOMMENDATION

In his Second Recommendation for Partial Dismissal ("Second Recommendation") Magistrate Judge Schlatter construed Plaintiff's Revised and Amended Complaint as asserting every claim therein against every Defendant. The Second Recommendation, which incorporates the findings and authorities set forth in

the First Recommendation, recommends the following: (1) as to the First Claim for Relief for Title VII Discrimination: allow the claim to remain in regard to Denver Health and Hospital Authority ("DHHA"), but only for discrete acts of discrimination that occurred after June 1, 2004; dismiss the claim as to the individual Defendants; (2) as to the Second Claim for Relief for Title VII Harassment: allow the claim to remain in regard to DHHA; dismiss the claim as to the individual Defendants; (3) as to the Third Claim for Relief for Title VII Hostile Work Environment: allow the claim to remain in regard to DHHA; dismiss the claim as to the individual Defendants; (4) as to the Fourth Claim for Relief for Intentional Infliction of Emotional Distress/Outrageous Conduct: dismiss as to all Defendants; (5) as to the Fifth Claim for Relief for Title VII Retaliation: dismiss as to all Defendants; and (6) as to the Sixth Claim for Relief for Title VII Wrongful Termination: dismiss as to all Defendants.

On July 5, 2005, Plaintiff filed a timely Objection to the Second Recommendation ("Objection"), which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). However, to the extent the Objection raises arguments with respect to issues previously decided in connection with this Court's ruling on Defendants first Motion to Dismiss, those arguments will not be addressed in this Order.

     A.     <u>Title VII Claims (Individual Defendants)</u>

Magistrate Judge Schlatter found that individuals are not subject to suit under Title VII and, therefore, that Plaintiff's first, second, third, fifth and sixth claims for relief

should be dismissed as to all of the individual Defendants.  *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).   Plaintiff states in her Objection that she agrees that individuals are not subject to suit under Title VII, and does not object to dismissal of these claims as to the individual Defendants.  I agree with Magistrate Judge Schlatter that Plaintiff's Title VII claims should be dismissed as to all individual Defendants.

      B.     <u>Title VII Retaliation (DHHA)</u>

Magistrate Judge Schlatter recommends that Plaintiff's fifth claim for relief for Title VII Retaliation be dismissed as to DHHA because Plaintiff has failed to allege that she has exhausted her administrative remedies.  Plaintiff's Revised and Amended Complaint states nothing more than that she "currently has a retaliation claim pending in EEOC for the November, 2005, verbal and written warning she received and has an appointment set for April 13, 2005, with EEOC for her Wrongful Termination."  Plaintiff affirms in her Objection that she has not yet received her Notice of Right to Sue.  I agree with Magistrate Judge Schlatter that Plaintiff's Fifth Claim for Relief for Title VII Retaliation must be dismissed as to DHHA.

      C.     <u>Intentional Infliction of Emotional Distress / Outrageous Conduct</u>

Magistrate Judge Schlatter recommends that Plaintiff's fourth claim for relief for intentional infliction of emotional distress be dismissed against the individual Defendants because she has failed to allege facts sufficient to show that the conduct of the individual Defendants was extreme or outrageous.  While the issue of whether certain conduct is outrageous is a question of fact, plaintiff must establish a minimum threshold level of conduct to maintain a cause of action for outrageous conduct.

*Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 780 (D. Colo. 1982).  Very few fact situations give rise to a cognizable claim for intentional infliction of emotional distress. *Rawson*, 530 F.Supp. at 780.  Normally, such claims will only be cognizable in cases where the defendant has engaged "in a pattern of conduct that either has intended to cause or recklessly did cause sever emotional distress."  *Id*.

I have reviewed Plaintiff's Revised and Amended Complaint, and I agree with Magistrate Judge Schlatter Plaintiff has failed to allege conduct by the individual Defendants that rises to the level of outrageous conduct.  Therefore, I agree that Plaintiff's fourth claim for relief for intentional infliction of emotional distress be dismissed against all Defendants.

IV.   CONCLUSION

Having reviewed Magistrate Judge Schlatter's Second Recommendation, Plaintiff's Objection, and Defendant's Response to Plaintiff's Objection, I find that the Second Recommendation is well-reasoned and thorough.  Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Schlatter dated June 23, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Defendant's Motion to Dismiss Revised Amended Title VII Complaint filed April 11, 2005, is **GRANTED** consistent with the Recommendation.  All of Plaintiff's claims against the Defendants Annette Callahan, Janell Cordova, and David Watson are dismissed.  The following three claims for relief

remain with respect to Defendant Denver Health and Hospital Authority: (1) Plaintiff's First Claim for Title VII Discrimination against DHHA for discrete acts of employment discrimination that occurred after June 1, 2004 (for which Plaintiff has exhausted her administrative remedies); (2) Plaintiff's Second Claim for Title VII Harassment against DHHA; and (3) Plaintiff's Third Claim for Title VII Hostile Work Environment against DHHA.

Dated:  August 25, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge