IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00082-WYD-OES

SONJA J. PALMER,

Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

Defendant.

---

RECOMMENDATION ON PLAINTIFF'S MOTION
TO FILE SECOND AMENDED COMPLAINT

---

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

Plaintiff has filed a motion requesting permission to file a Second Amended Complaint. Defendant has submitted its response, and this matter is ripe for determination. Pursuant to the Order Of Reference To Magistrate Judge, filed on January 25, 2005, and under 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b), this matter is before me for Recommendation.

In this action, plaintiff has brought suit against the defendant, alleging violation of her rights under Title VII, 42 U.S.C. § 2000e-5, based on claims of discrimination, harassment, and hostile work environment. Under her current motion, plaintiff seeks to once again amend her pleadings to include a claim for retaliation based on termination and to re-assert an outrageous conduct claim. Because the plaintiff is proceeding without counsel, the court must construe her pleadings and other filings liberally. See Haines v.

Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's advocate.  Hall, 935 F.2d at 1110.

FED. R. CIV. P. 15(a) requires that leave to amend shall be freely given when justice so requires.  Though courts are expected to heed this mandate, Foman v. Davis, 371 U.S. 178, 182 (1962), the matter is still committed to the court's sound discretion, Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

Based upon a review of the plaintiff's motion, and the Second Amended Complaint tendered to the court as an attachment to that motion on October 25, 2005, I cannot find that plaintiff's proposed amendment concerning retaliatory termination would be prejudicial to the defendant or that it is clearly futile.  In fact, the defendant does not oppose such an amendment.  Accordingly, such an amendment should be allowed.

However, as pointed out by the defendant and established by the record, plaintiff's proposed claim for outrageous conduct against Annette Callahan, David Watson and Janell Cordova has been previously considered and rejected by this court under plaintiff's prior proposed claim of intentional infliction of emotional distress.  See ORDER AFFIRMING AND ADOPTING UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION, Docket #29, pp. 4-5.  Further, with regard to the outrageous conduct claim plaintiff seeks to bring against Sue Mills Parkins, the analysis and conclusion would be the same.  Nothing in plaintiff's

allegations against Ms. Parkins, taking the allegations either singly or as a whole, rises to the level of outrageous conduct.  The facts recited by plaintiff do not reflect a pattern of conduct from which the decisive conclusion is that infliction of severe mental suffering was calculated, or was recklessly or callously inflicted upon the plaintiff, Brunetti v. Rubin, 999 F.Supp. 1408, 1412 (D.Colo. 1998), nor would these facts cause an average member of the community to exclaim "outrageous!".  Churchey v. Adolph Coors Co., 759 P.2d 1336, 1350 (Colo. 1988) (facts must so arouse resentment against the defendant in average members of the community as to lead them to exclaim, "Outrageous!").  Accordingly, allowing the plaintiff to again amend her complaint to include a claim of outrageous conduct would be futile and, therefore, should not be allowed.

## CONCLUSION

Based upon the record herein, I do hereby **RECOMMEND** that plaintiff's motion seeking permission to file a Second Amended Complaint [Filed October 25, 2005; Docket #36] be **GRANTED** in part and **DENIED** in part.  I do further **RECOMMEND** that plaintiff be allowed to file a Second Amended Complaint which asserts the three claims previously allowed against the defendant by this court, see Docket #29, p. 6, together with a fourth claim for retaliation against the defendant based upon her termination from employment with the defendant.

The parties' rights to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72."

Dated at Denver, Colorado, this 8th day of November, 2005.

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).