IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00082-WYD-OES

SONJA J. PALMER,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, et al.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION ON
PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**
_____

THIS MATTER is before the Court on Plaintiff's motion seeking leave to file a Second Amended Complaint filed October 25, 2005.  This motion was referred to Magistrate Judge Schlatter for a Recommendation by Order of Reference dated January 25, 2005 and Memorandum dated October 27, 2005.

A Recommendation on Plaintiff's Motion to File Second Amended Complaint was filed November 8, 2005, which is incorporated herein by reference.  *See* 28 U.S.C § 636(b)(1); FED. R. CIV. P. 72.  Magistrate Judge Schlatter recommends therein that Plaintiff's motion to amend be granted in part and denied in part.  More specifically, while he granted Plaintiff leave to file a claim for retaliation based on termination, he denied leave to reassert an outrageous conduct claim.[1]  Recommendation at 2-3.

---

[1] Plaintiff's previous claim of intentional infliction of emotional distress based on outrageous conduct was dismissed by the Court earlier this year.  *See* Order Affirming and Adopting

Plaintiff filed a pleading entitled "Objections for Recommendation for Partial Dismissal of Second Amended Complaint" which I will construe as timely objections to the Recommendation. Plaintiff objects only to the portion of the Recommendation that finds Plaintiff should be denied leave to amend as to her outrageous conduct. A motion to amend is normally a nondispositive motion entitled only to a clearly erroneous or contrary to law standard of review. However, many courts have held that a recommendation to deny a motion to amend on the grounds of futility should be viewed as a dispositive ruling since it precludes the filing of certain claims. *See Nomura Securities Intern., Inc. v. E*Trade Securities, Inc.*, 280 F.Supp.2d 184, 198 (S.D.N.Y. 2003); *McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. 2003).

In this case, I will construe the recommendation to deny the motion to amend as a dispositive ruling since it denies Plaintiff leave to assert an outrageous claim. The objections filed by Plaintiff thus necessitate a *de novo* determination as to the portion of the Recommendation to which objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Even under this more liberal standard of review, however, I find that the Recommendation is proper and should be affirmed. I agree with Magistrate Judge Schlatter that the outrageous claim, if asserted, would be futile because the claim fails to state a claim for relief under FED. R. CIV. P. 12(b)(6).

As recognized in the Recommendation, earlier this year I dismissed Plaintiff's previously asserted claim of intentional infliction of emotional distress based on

---

Recommendation of United States Magistrate Judge filed August 25, 2005, pp. 4-5.

outrageous conduct because I found that Defendants' conduct as alleged in this lawsuit does not rise to the level of outrageous conduct as a matter of law.  *See* Recommendation filed August 25, 2005.  Neither Plaintiff's motion for leave to file a Second Amended Complaint nor her objections provide any new facts or legal argument that would support her attempt to reassert an outrageous conduct claim in the Second Amended Complaint.  I thus agree with Magistrate Judge Schlatter that such a claim would be futile, and that Plaintiff's motion for leave to file a Second Amended Complaint should be denied as to this claim.  I also agree with the remainder of the Recommendation to which objection is not made.  Accordingly, it is

ORDERED that the Recommendation on Plaintiff's Motion to File Second Amended Complaint filed November 8, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's motion seeking leave to file a Second Amended Complaint (filed October 25, 2005) is **GRANTED IN PART AND DENIED IN PART** consistent with the Recommendation.

Dated:  December 16, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge