IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00082-WYD-MEH

SONJA J. PALMER,

      Plaintiff,

v.

DENVER HEALTH MEDICAL CENTER,

      Defendant.
_____

## ORDER AFFIRMING IN PART AND REJECTING IN PART
## UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION
_____

This matter is before the Court on Defendant's Motion for Summary Judgment [Docket #81], which was filed on October 13, 2006.  The matter was referred to Magistrate Judge Hegarty for a recommendation by Order of Reference dated November 8, 2006. Magistrate Judge Hegarty issued a  Recommendation on February 1, 2007, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Hegarty recommends therein that "the motion be granted in part and denied in part." (Recommendation at 1.)  Specifically, Magistrate Judge Hegarty recommends that "summary judgment in favor of the Defendant be granted on all remaining claims in this action, with the exception of Plaintiff's claim of retaliation based on adverse employment actions occurring after September 29, 2004." *Id.* at 14.

On February 20, 2007, Defendant filed a timely Objection [Docket #98], which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made, since the nature of the matter is dispositive.

FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  On March 28, 2007, Plaintiff also filed an Objection to the Magistrate Judge's Report and Recommendations [Docket #102].  On April 23, 2007, a hearing was conducted in front of me on Defendant's Motion for Summary Judgment.  Plaintiff requested, and I allowed, that she appear at this hearing by telephone.  At the conclusion of the hearing, I took Defendant's Motion for Summary Judgement under advisement.

I.    INTRODUCTION

Plaintiff was an employee of Defendant Denver Health Medical Center and alleges that she was discriminated against because of her gender and/or race.  Plaintiff's Second Amended Complaint alleges claims for: (1) race and/or gender discrimination relating to various discrete adverse employment actions (Complaint: First, Second, Third, Fourth Claims for Relief); (2) a claim that she was subjected to a hostile work environment; and (3) a claim that she was retaliated against for filing an EEOC claim (Complaint: general allegations).[1]

Plaintiff was hired by Defendant in March of 2002.  Plaintiff filed charges of discrimination with the EEOC on three separate occasions: September 29, 2004, December 13, 2004, and April 13, 2005.  On August 9, 2005, I issued an Order adopting the recommendation of Magistrate Judge Schlatter, which dismissed certain discrete acts of alleged employment discrimination that occurred prior to June 1, 2004 [Docket #28].

---

[1]Plaintiff also had a claim for Outrageous Conduct which was dismissed pursuant to this Court's Order dated August 9, 2005 [Docket #28].

Defendant filed its Motion for Summary Judgment on October 13, 2006 [Docket #81]. As mentioned above, Magistrate Judge Hegarty recommended that all claims be dismissed pursuant to Defendant's Motion for Summary Judgment except for the Retaliation claim based on adverse employment actions occurring after September 29, 2004. This recommendation was based on Magistrate Judge Hegarty's finding that there existed an issue of triable fact regarding whether or not Defendant's proffered explanation for discharging Plaintiff was a pretext for retaliation. For the reasons below, I disagree in part with Magistrate Judge Hegarty's Recommendation. Contrary to the Recommendation, I find that Plaintiff fails to bring forth any admissible evidence that Defendant's reasoning behind her termination was a pretext for retaliation. Accordingly, Defendant's Motion for Summary Judgment is granted as to all claims.

II.    STANDARD OF REVIEW

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing that no genuine issue of material fact exists is born by the moving party. *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

However, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.,* the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005).

III.   ANALYSIS

    A.   Unlawful Discrimination

Plaintiff claims that she was discriminated against by Defendant because of her gender and/or race. Title VII provides in part that it is unlawful for an employer to discharge or otherwise discriminate against any individual based upon race or sex. 42 U.S.C. § 2000e-2(a)(1). To state a valid claim under Title VII, plaintiff must prove by a preponderance of the evidence that the employer engaged in intentional discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

Because Plaintiff Palmer does not present direct evidence of discrimination, Plaintiff Palmer may rely on indirect evidence by invoking the analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Perry v. Woodward*, 199 F.3d 1126, 1135

(10th Cir.1999).  When the *McDonnell Douglas* analysis is utilized, the burden of production shifts from plaintiff to defendant and back to plaintiff.  The ultimate burden of proving discrimination, however is borne by the plaintiff.  *Id.*

A prima facie case of employment discrimination consists of a showing that (1) the plaintiff belongs to a protected class, (2) the plaintiff suffered an adverse employment action, and (3) the adverse employment action ocurred under circumstances giving rise to an inference of discrimination.  *Hysten v. Burlington Northern and Santa Fe Ry. Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002).  If Plaintiff establishes a prima facie case, then the burden of production shifts to the Defendant to present evidence that it had a legitimate nondiscriminatory reason for its action.  *McDonnell Douglas*, 411 U.S. at 802-03.  The plaintiff must then demonstrate that the defendant's proffered explanation is pretextual. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. at 2749.

Pretext is normally shown in one of three ways: "(1) with evidence that the defendant's stated reason for the adverse employment action was false . . . ; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances, . . . ; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting plaintiff."  *Kendrick v. Penske Transportation Systems, Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).  The Tenth Circuit has also stated that "[e]vidence of pretext may include, but is not limited to, the following: prior treatment of plaintiff; the employer's policy and practice regarding minority employment (including statistical data); disturbing procedural irregularities (e.g., falsifying or

manipulating hiring criteria); and the use of subjective criteria. *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1328 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).

      B.    <u>Discrete Acts of Discrimination</u>

It is difficult to cull from Plaintiff's Complaint and pleadings which discrete acts she is alleging were a result of discrimination. The following acts are what I believe she is alleging. The rest of her allegations do not rise to the level of adverse employment actions and, thus, are analyzed as support for her hostile work environment claim.

      1.    Failure to Promote

Plaintiff alleges that she was discriminated against because she was not promoted. In her Complaint, Plaintiff lists two separate times that she applied for and did not receive a promotion: First, on July 2003, when she was denied a promotion to Central Supply Supervisor; Second, on May 2004, when she was again denied a promotion for Central Supply Supervisor position. On both occasions, Defendant told Plaintiff Palmer that she did not have the qualifications for the position. While failure to promote can, in certain circumstances, provide the basis for a discrimination claim; Plaintiff's claims fail as they occurred prior to June 1, 2004. As mentioned above, I issued an Order on August 9, 2005, which dismissed certain discrete acts of alleged employment discrimination that occurred prior to June 1, 2004. Accordingly, Plaintiff's claim of discrimination based on failure to promote is dismissed.

2.    5-Day Suspension

Plaintiff also alleges that she was discriminated against when Defendant placed her on a 5-day suspension in September of 2004.  Defendant claims that Plaintiff was placed on the 5-day suspension because she used inappropriate language with a male African-American supervisor–David Watson–on two separate occasions.   On one occasion, Plaintiff sent David Watson an email that said, "Dave shut Up!  Go and bug someone else, you act just like a female.  Like I said, no one else is complaining but yourself, and you are the one acting like a diatribe, now stop harassing me do you understand boy!"  The second incident occurred later in August of 2004.  Plaintiff taped the lock on the door so it would stay open and someone took the tape off of the door.  Plaintiff believed it was David Watson who removed the tape.  According to Plaintiff, after she accused Mr. Watson he confronted her.  She then told him "Back off me boy," to which Mr. Watson said "Fuck you Bitch" silently, and she responded by saying "Fuck you back" aloud.

I find that even if Plaintiff makes out a prima facie case for this incident, this claim must be dismissed.  Defendant proffers a legitimate and nondiscriminatory reason for the suspension in that Defendant alleges that the suspension was a result of Plaintiff's actions toward Mr. Watson.  Consequently, Plaintiff has the ultimate burden of demonstrating that this proffered reason is pretextual.  Plaintiff does not contest the fact that she sent the email and engaged in the heated exchange with Mr. Watson.  Plaintiff's only argument in support of her claim that Defendant's proffered reason is pretextual is her allegation that, on a different occasion, Mr. Watson called a white male employee a "boy" and was not disciplined.  A "plaintiff may show pretext by providing evidence that [s]he was treated

differently from other similarly situated, nonprotected employees who violated work rules of comparable seriousness." *Green v. New Mexico*, 420 F.3d 1189, 1194 (10th Cir. 2005)(internal quotations omitted). "A similarly situated employee is one who 'deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline.'" *Id.*

Plaintiff does not present any evidence that Mr. Watson dealt with the same supervisor or was subject to the same standards governing his performance evaluation and discipline. Further, it does not appear that Plaintiff's interactions with Mr. Watson can be compared to Mr. Watson making one isolated comment to another employee. Accordingly, I find that Plaintiff has not shown that she was similarly situated to Mr. Watson. "[M]ere allegations of impartial treatment are not sufficient to survive summary judgment." *See e.g. Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390 (10th Cir. 1997). Accordingly, Plaintiff's claim of discrimination based on the 5-day suspension is dismissed.

### 3.    Transfer to Warehouse

Plaintiff also claims she was discriminated against in August of 2004, when Defendant transferred her to the warehouse. At this time, Plaintiff was not transferred in position but she was moved to the warehouse, under a new supervisor, and some of her responsibilities were eliminated. I find that Plaintiff fails to make out a prima facie case regarding her transfer because the transfer does not rise to the level of an adverse employment action. An adverse employment action is more than "a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a

less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *DeMarah v. Texaco Group, Inc.*, 88 F. Supp. 2d 1150, 1156 (D.Colo. 2000).

A transfer without a demotion or cut in pay does not constitute materially adverse action sufficient to make out a prima facie case of retaliation/discrimination. *See Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270 (7th Cir. 1996); *Spring v. Sheboygan Area School Dist.*, 865 F.2d 883 (7th Cir. 1986); *see also Darnell v. Cambell County Fiscal Court*, 731 F. Supp. 1309, 1313 (E.D. Ky. 1990), *aff'd*, 924 F.2d 1057 (6th Cir. 1991); *Crady v. Liberty Nat. Bank*, 993 F.2d 132 (7th Cir. 1993); *Flaherty v Gas Research Inst.*, 31 F.3d 451 (7th Cir. 1994); *Harlston v. McDonnell- Douglas Corp.*, 37 F.3d 379 (8th Cir. 1994). The fact that Plaintiff did not like the position as well or found it stressful is simply insufficient to make out a prima facie case of discrimination. *See Id.*

On the record before me, I find that Plaintiff's transfer was not an adverse employment action and Plaintiff's claim for discrimination based on this transfer should be dismissed.

### 4.  Verbal Warning

Plaintiff also alleges she was discriminated against on November 12, 2005, when she received a verbal warning for working through lunch and acquiring 20 minutes of overtime. Similar to the situation involving the transfer to the warehouse, I find that this verbal warning was not an adverse employment action. A verbal warning alone does not rise to the level of an adverse employment action. *See Biggs v. Lincoln Nat. Life Ins. Co.*, 165 F.3d 31, 1 (7th Cir. 1998). Accordingly, I dismiss this claim as well.

5.     Termination

Finally, Plaintiff alleges that she was discriminated against when Defendant discharged her on March 16, 2005.  Defendant's proffered reason for terminating Plaintiff is the above mentioned problems leading to her suspension, as well as Defendant's belief that Plaintiff was violating company policies by selling DVDs to other employees during work hours and utilizing the company email system to do so.  Because this reason is legitimate and nondiscriminatory, Plaintiff bears the ultimate burden of demonstrating that Defendant's reason for her termination is pretextual.

Defendant submitted emails which demonstrate that Plaintiff Palmer was soliciting DVD sales.  (Def.'s Mtn. Summary Judgment Exh. A-17.)  At the recent hearing, Plaintiff acknowledged that she sent these emails.  Defendant's policy regarding solicitation stated that, "Employees may not engage in solicitation on DHHA premises during their working times, or during the working time of the person to whom the solicitation is being directed," and, "Employees may solicit and/or distribute in permissible areas only during their non-working time."  (Def.'s Mtn. Summary Judgment Exh. A-13.)  Further, Defendant restricted employee use of company email: "Denver Health and Hospital provides messaging primarily for authorized business use.  However, limited or incidental use of messaging for personal, non-business purposes is permitted so long as it: . . . is not in support of a personal business."  (Def.'s Mtn. Summary Judgment Exh. A-13).  While Plaintiff testified that she was never informed of the anti-solicitation policy, Defendant brought forth evidence that she was, in fact, emailed the policy changes.  (Def.'s Mtn. Summary Judgment Exh. A-14.)

Plaintiff argues that Defendant's reason for her termination was pretextual. Plaintiff asserts two bases for a showing of pretext: (1) that the reason behind her termination was false; and (2) that others, similarly situated, were not disciplined for like conduct. "A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005). However, the "test is good faith belief." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998). In other words, the correct inquiry is whether or not, at the time of termination, "there was any dispute or a genuine issue concerning the sincerity of defendants' proffered reason for Plaintiff's termination." *Id.* In this situation, Defendant based its decision on the emails that Plaintiff admits to having sent. Accordingly, I find no merit to Plaintiff's argument that she was not violating the policy because she was only passing the message along. Further, Plaintiff presents no evidence from which a jury could find that defendant's proffered reason for Plaintiff's termination was insincere.

Plaintiff also asserts that other employees were violating the solicitation policy, but were not terminated. However, Plaintiff testified at the hearing that she could not name any specific employees who had violated the policy. A claim that other, similarly situated, employees were treated differentaly must be supported by specific facts, i.e., specific instances of what plaintiff is claiming. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1398 (10th Cir. 1997). For example, in *Conner,* the court stated, "[h]ere, although Conner claims that *he* knew of other employees who [committed a violation of the work rules], he has neither claimed, nor produced any evidence that *Schnuck* knew of other employees

[who committed that type of violation].  Further, Conner has not presented any evidence showing that Schnuck treated other employees differently if they discovered such violations." *Id.*

Similar to the situation in *Schnuck*, Plaintiff Palmer has not presented any evidence that other employees were not disciplined for violating the email or solicitation policies. Accordingly, Plaintiff Palmer's claim that she was discriminatorily discharged must be dismissed.

C.    Hostile Work Environment

Plaintiff claims that she was subjected to a hostile work environment.  As support for this claim, Plaintiff alleges that she was denied the ability to work overtime (while others allowed to work overtime), that she was required to work holidays, and not allowed to sit in on weekly supervisor meetings (Plaintiff admits that she was not a supervisor).  Plaintiff also alleges that she was removed from her flex-time schedule November 22, 2004, and that Defendant began auditing her work (Plaintiff believes that she was the only one who was audited).

"Hostile work environment harassment arises when the alleged discriminatory conduct 'has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.'" *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1413 (10th Cir. 1987).  "Isolated or trivial episodes of harassment are insufficient to satisfy this standard." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986).  "A court must look to the totality of the circumstances to determine whether the alleged conduct is sufficiently pervasive to create a hostile environment."

-12-

*Schrader v. E.G.& G., Inc.,* 953 F. Supp. 1160, 1168 (D. Colo. 1997).  "The factors that may be considered include: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Id.* (quotation omitted).

In the present situation, Plaintiff has not provided sufficient evidence to support her claim of a hostile work environment.  The situation she complains of was not sufficiently pervasive to create a hostile work environment.  Accordingly, I find that Plaintiff's claim that she was subjected to a hostile work environment should also be dismissed.

D.   Retaliation

Plaintiff also argues that she was retaliated against for filing her EEOC Claim on September 29, 2004.  To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that: (1) [she] engaged in protected opposition to statutorily prohibited discrimination; (2) [her] employer took adverse action contemporaneously or subsequent to [her] protected activity; and (3) a causal connection exists between the employer's adverse action and [her] protected activity.  *See e.g. Sanchez v. Denver Public Schools*, 164 F.3d 527, 533 (10th Cir. 1998).  A meritorious retaliation claim will stand even if the underlying discrimination claim fails.  *Sanchez v. Denver Public Schools*, 164 F.3d at 533. The Tenth Circuit has held that when a Plaintiff does not have direct evidence of retaliation, the *McDonnell Douglas/Burdine* framework applies to a retaliation claim under Title VII.  *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1381 (10th Cir. 1994).

Plaintiff has brought forth no direct evidence that she was terminated in retaliation for filing her EEOC claim.  Accordingly, Plaintiff must rely on the *McDonnell Douglas* framework.  Plaintiff has clearly satisfied the first two elements of a prima facie case for retaliation: (1) the filing of an EEOC complaint satisfies the first element, 164 F.3d at 533, and (2) her termination was an adverse employment action.  As for the third element, the causal connection "'may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct followed by adverse action.'" *Conner v. Shnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) (quoting *Burrus v. United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1983).  "Unless the termination is very closely connected in time to the protected conduct, the plaintiff will need to rely on additional evidence beyond temporal proximity to establish causation." *Id.* (4 month time lag between plaintiff's participation in protected activity and his termination is not itself sufficient to justify an inference of causation or the causal element, citing cases).  Plaintiff filed one of her EEOC claims on December 13, 2004, and Plaintiff was terminated on March 16, 2005.  I need not determine whether a three month time lag is, in itself, sufficient to justify an inference of causation as I find that even if Plaintiff has made out a prima facie showing, her retaliation claim fails as a matter of law.

Similar to the case of a discrimination claim, once a plaintiff establishes a prima facie case of retaliation, "[t]he burden then shifts to the employer to offer a legitimate reason for the plaintiff's termination (or adverse action)." *See also Conner v. Shnuck Markets, Inc.*, 121 F.3d at 1394 (applying *McDonnell Douglas* burden shifting scheme in FLSA retaliation claim).  As explained above, Defendant offered a legitimate and

-14-

nondiscriminatory reason for terminating Plaintiff's employment.  Therefore, I move to the next stage of the *McDonald Douglas* analysis and determine whether or not there is sufficient evidence demonstrating that Defendant's proffered reasons were pretextual.

Magistrate Judge Hegarty concluded that there was sufficient evidence of pretext for Plaintiff's claim of retaliation to go forward.  (Recommendation at 12.)  I disagree. Plaintiff asserts that other similarly situated employees violated the anti-solicitation policies.  Once again, however, Plaintiff fails to offer any evidence of other employees violating these policies.  Plaintiff testified at the hearing that she could not name any other employees who violated this policy.  Magistrate Judge Hegarty also raises the possibility that terminating Plaintiff was a disproportionate response to Plaintiff's violation of the policy.  (Recommendation at 12.)  However, "Title VII charges neither this Court nor the jury to act as a 'super personnel department that second guesses employers' business judgments.'" *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1203 (10th Cir. 2006). I do not find that terminating Plaintiff was disproportionate.  Not only did Defendant believe that Plaintiff violated the anti-solicitation and email policies, Plaintiff had been disciplined in the past.  Even if terminating Plaintiff was disproportionate to her violation of the policies, this fact does not raise a genuine issue of material fact as to whether or not Defendant's stated reasons for the termination are a pretext for retaliation. In sum, I find that Plaintiff's claim for retaliation must also be dismissed.

IV.    <u>CONCLUSION</u>

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of Magistrate Judge Hegarty, filed February 1, 2007, is **AFFIRMED in part AND REJECTED in part**.  More specifically, it is

ORDERED that Defendant's Motion for Summary Judgment [Docket #81] is **GRANTED**.  In accordance therewith, it is

ORDERED that the case is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that the trial scheduled to begin on June 18, 2007, and the final trial preparation conference set for June 8, 2007, are **VACATED**.

Dated:  April 30, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge