IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00082-WYD-MEH

SONJA J. PALMER,

    Plaintiff,

v.

DENVER HEALTH MEDICAL CENTER,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on Plaintiff's Motion for Reconsideration [Docket #116], which was filed on May 30, 2007. Through her Motion, Plaintiff requests that this Court Reconsider its Order entered April 30, 2007 ("Order"), Affirming in Part and Rejecting in Part United States Magistrate Judge's Recommendation. The effect of the Order was to dismiss this case with prejudice in its entirety. Specifically, I found that there were no issues of material fact regarding Plaintiff's claims for discrimination, retaliation, and hostile work environment.

    I must first determine the appropriate standard for reviewing Plaintiff's motion, since it does not state the legal basis for the motion. "'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The court's treatment of the motion

for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.

As to final judgments, the Tenth Circuit "construe[s] a motion for reconsideration in one of two ways." *Hawkins v. Evans*, 64 F.3d at 546. "'If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).'" *Id.* (quotation omitted). "'Alternatively, if the motion is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).'" *Id.* (quotation omitted). In the present situation, Plaintiff filed her Motion for Reconsideration on May 30, 2007, well over ten days from when the Order was issued. Accordingly, Plaintiff's Motion will be construed as a motion seeking relief from judgment under Fed.R.Civ.P. 60(b). There are three major grounds that justify reconsideration of a motion: (1) an intervening change in the controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* at 1012.

In the case at hand, Plaintiff first argues that this Court misapprehended the facts and should not have dismissed her discrimination claim for Defendant's failure to promote her as untimely. As explained below, I find that even if Plaintiff's claim for discrimination based on Defendant's failure to promote her was not untimely, she has failed to demonstrate that there is a genuine issue of material fact as to whether or not Defendant's reasons for their decision to not promote Plaintiff are pretextual. As for Plaintiff's other

claims, she has not advanced any change in the law or newly discovered evidence. Rather, Plaintiff argues that she has now organized the evidence in a way that will demonstrate the Court's Order was in error. To the contrary, I find that nothing in Plaintiff's Motion for Reconsideration or attached exhibits demonstrate that this Court erred in dismissing Plaintiff's claims on summary judgment.

      A.    <u>Whether Plaintiff's Claim for Discrimination based on a Failure to Promote Was Properly Dismissed on Summary Judgment</u>

In support of her motion, Plaintiff argues that this Court erred in determining that her claims for discrimination based on Defendant's failure to promote her were untimely. In the Order, I found that Plaintiff applied for and did not receive a promotion in July of 2003 and May of 2004. I held that both of these occurrences were untimely pursuant to my Order issued August 9, 2005. In her Motion for Reconsideration, Plaintiff argues that she applied for and did not receive the second promotion in June of 2004. (Pl.'s Mot. 4). In support of this proposition, Plaintiff directs the Court's attention to her EEOC Charge of Discrimination which states that she applied for the position of Project Supervisor in June of 2004, but was told she did not have the qualifications. (Pl.'s Mot. Exh. 1). My determination that these claims were untimely was based on the allegations in Plaintiff's Complaint which only reference May, 2004. (Second Amend. Compl. 51-54). If, however, Plaintiff applied for and did not receive the promotion in June of 2004, then her claim based on failure to promote was not untimely.

Even if Plaintiff's claim for Failure to Promote is not untimely, this claim suffers the same fatal defect as her claim for discriminatory discharge–that is, Plaintiff has not brought forth evidence that Defendant's reasons for its actions were pretextual. In a claim for

discrimination based on a failure to promote, the same burden shifting framework applies as in a claim for discriminatory discharge. *See e.g. MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005). Defendant articulated legitimate, non-discriminatory reasons why Plaintiff did not receive the promotion. (Mot. S.J. pg. 11). Specifically, Defendant asserted that the other candidates were more qualified for the position and had more relevant work experience than Plaintiff. Consequently, Plaintiff needed to bring forth evidence that Defendant's reasons were pretextual.

Pretext is normally shown in one of three ways: "(1) with evidence that the defendant's stated reason for the adverse employment action was false . . . ; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances, . . . ; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting plaintiff." *Kendrick v. Penske Transportation Systems, Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

Plaintiff argues that Defendant allowed the Central Supply Department Supervisors and employees to participate in the interview process, which is something that is contrary to Defendant's policies. In support of this argument, Plaintiff cites to the Denver Health Principles and Practices. (Pl.'s Mot. Exh. 4). However, there is nothing in the cited to portion of the Denver Health Principles and Practices which speaks to the manner in which interviews are conducted. Accordingly, Plaintiff has not demonstrated that Defendant acted contrary to a written or unwritten policy with regard to her application for a promotion.

Plaintiff also argues that the Hispanic woman who was hired to fill the position that she applied for was not qualified for the job because she did not meet the minimum educational requirements. However, it appears from Plaintiff's Motion that this woman had stated that she did meet the requirements on her application and when Defendant found out that she did not meet the requirements, the applicant had to resign. (Pl.'s Mot. 5)("Cordova did not meet the education requirements' as stated on her employment application, leaving Cordova having to resign from the Company"). Thus, the situation at hand is clearly distinguishable from *Mohammed v. Callaway*, 698 F.2d 395, 399 (10th Cir. 1983), wherein the Defendant gave the position to someone they knew did not have the minimal educational requirements rather than the plaintiff, who was qualified. In sum, after reviewing the evidence again and considering Plaintiff's motion to reconsider, I find that Plaintiff has not brought forth sufficient evidence for her discrimination claim based on a failure to promote to survive summary judgment.

B.  Whether Plaintiff's Remaining Claims were Properly Dismissed on Summary Judgment

The remainder of Plaintiff's Motion to Reconsider is a rehashing of the arguments she put forth in her Opposition to Defendant's Motion for Summary Judgment and her Objection to Magistrate Judge Hegarty's Recommendation. Before issuing the Order on Defendant's Motion for Summary Judgment, this Court carefully reviewed the record and conducted a hearing. At the conclusion of the hearing, it was apparent that Plaintiff did not have sufficient evidence of pretext in order for her discrimination and retaliation claims to survive summary judgment. There is nothing in Plaintiff's Motion for Reconsideration which calls for a different result.

First, Plaintiff resubmits her argument that the reasons Defendant gave for placing her on the 5-day suspension and terminating her were pretextual. The only proffered support for this argument is Plaintiff's assertion that another employee of Denver Health–Mr. David Watson–called a white male employee a "boy" and was not disciplined. As explained in my April 30 Order, Plaintiff's interactions with Mr. Watson cannot be compared to Mr. Watson making one isolated comment to another employee. First, Plaintiff had called Mr. Watson a "boy" and told him to "shut up" in a previous email. Further, during the verbal exchange, Plaintiff not only called Mr. Watson a "boy" but also told him, "Fuck you." Accordingly, there is no question of material fact regarding whether or not Defendant's reasons for placing Plaintiff on the 5-day suspension were pretextual. Similarly, Plaintiff fails to bring forth any admissible evidence in support of her argument that Defendant's proffered reasons for terminating her were pretextual. Plaintiff argues that similarly situated employees were not disciplined for violating the same polices. Yet, at the hearing Plaintiff could not identify any other employee of Denver Health who violated the anti-solicitation and email policies and was not disciplined. Further, Plaintiff admits that she sent the emails to other employees regarding the purchase of DVDs. "[M]ere allegations of impartial treatment are not sufficient to survive summary judgment." *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1398 (10th Cir. 1997). Accordingly, this claim must be dismissed on summary judgment as well.

Plaintiff also resubmits her argument that Defendant retaliated against her for filing her EEOC claim. I found in my April 30 Order, and reiterate here, that Plaintiff has failed to bring forth sufficient evidence in support of her position that Defendant's proffered

reasons for the adverse employment actions taken against her were a pretext for retaliation. Finally, Plaintiff has not demonstrated that my finding regarding her hostile work environment claim was in error.

IV. CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that Plaintiff's Motion for Reconsideration [Docket #116] is **DENIED**.

Dated: July 9, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge