IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00082-WYD-OES

SONJA J. PALMER,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, et al.,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Objections to Defendant's Bill of Costs (filed June 14, 2007).  Defendant filed a response on June 21, 2007, and Plaintiff filed a reply (which she entitles an "Answer")on June 26, 2007.  Having reviewed these pleadings and being fully advised in the premises, I sustain in part and overrule in part Plaintiff's objections for the reasons stated below.

I first note the procedural backdrop regarding the Bill of Costs.  Defendant filed a Proposed Bill of Costs with the Court on May 15, 2007.  On that same date, Defendant filed a Statement Concerning Efforts to Resolve Disputes Regarding Costs.  This Statement indicated that Defendant conferred with Plaintiff regarding its proposed Bill of Costs in an effort to resolve any disputes, and that Plaintiff advised she did not know if she disputed the costs submitted by Defendant.  After a hearing on June 12, 2007, a Bill of Costs was assessed by the Clerk of Court on that same date.  Plaintiff states in her reply brief that she did not receive notice of that hearing; however, the proposed

Bill of Costs filed by Defendant in this case and served on Plaintiff indicated the date and time of the hearing. Thus, I find that Plaintiff had proper notice of the hearing.[1]

I now turn to the merits of Plaintiff's objections. I first note that Plaintiff did not file any objections to Defendant's proposed Bill of Costs, nor did she meaningfully confer with defense counsel about the objections as required by D.C.COLO.LCivR 7.1(a). Instead, Plaintiff's objections were filed after the Clerk had already assessed costs. Second, I note that Plaintiff's objections address in part costs that were not assessed by the Clerk. For example, the Clerk denied items 3 and 4 referenced in Plaintiff's objections. Objections as to those items (costs for background checks and couriers/Federal Express) are thus denied as moot.

Finally, as to the objections that address costs which actually were assessed by the Clerk, I overrule the objections in part and sustain the objections in part. As to copy costs, the Clerk of Court awarded only $40.00 of the $2,295.83 requested. I find that assessment of such costs was reasonable and supported by the law as cited in Defendant's response to Plaintiff's objections, and Plaintiff has not provided any authority that supports her objections as to same. Accordingly, this objection is overruled.

As to the award of deposition costs, I sustain in part and overrule in part Plaintiff's objections. Plaintiff argues that some questions in the deposition of Lula Hitt related to another case, and that she should not have to be pay for a deposition when

---

[1] Even if Plaintiff did not have notice of the hearing, I find that this would not change the outcome of this Order.

some of the questions are not pertinent to this case.  Turning to my analysis, deposition costs are recoverable for depositions "'necessarily obtained for use in the case.'" *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000) (quotation omitted).  Costs are recoverable "'with respect to all depositions reasonably necessary to the litigation of the case.'" *Id.* (quotation omitted).

In this case, Defendant asserts that Ms. Hitt is a key witness who Plaintiff listed in the Pretrial Order and in her Rule 26 Disclosures as a person with knowledge of the claims.  Thus, I find that Defendant should recover at least some of the costs associated with her deposition.  However, I find that Defendant should not be able to recover all its costs since it also asked Ms. Hitt questions in another case which I am not convinced were reasonably necessary to the litigation of this case.  Accordingly, I will cut the award of deposition costs from $1,799.30 to $900.00.  The total amount of costs awarded to Defendant is thus $988.86.

In conclusion, it is

ORDERED that Plaintiff's Objections to Defendant's Bill of Costs (filed June 21, 2007) are **SUSTAINED IN PART AND OVERRULED IN PART** as set forth in this Order.  The total amount of costs awarded to Defendant is reduced from $1,839.50 to $988.86.

Dated:  July 25, 2007

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    U. S. District Judge